UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**DANIEL BRUCE CARPENTER** and
**MARY ESTHER CARPENTER**,

Debtors.

Case No. **13-61192-11**

# MEMORANDUM of DECISION

At Butte in said District this 31st day of March, 2016.

In this Chapter 11 bankruptcy, after due notice, a hearing was held March 22, 2016, in Billings on Debtors' Objection to Amended Proof of Claim No. 5 filed by the Montana Department of Labor & Industry, Unemployment Insurance Division ("UID"). Harold V. Dye of Missoula, Montana appeared at the hearing on behalf of the Debtors and argued that amended Proof of Claim No. 5 should, in accordance with this Court's decision entered October 3, 2014, be allowed as a priority claim in the amount of $78,632.29 and an unsecured nonpriority claim in the amount of $125.00. In response, the Court noted that the attachment to amended Proof of Claim No. 5 filed July 29, 2015, included a "UI Tax Balance" of $2,457.66 and "Interest" of $147.46 for the quarter ending September 30, 2013, which amounts were not included in the original Proof of Claim No. 5 filed September 16, 2013. Debtors' counsel had not seen the attachment to amended Proof of Claim No. 5 and thus requested time to review the attachment and file a report to the Court. The Court granted Debtors' request and on March 29, 2016, Debtors filed their report arguing that their objection should be sustained because UID did not

1

request reconsideration of the Court's October 3, 2014 decision and because UID did not respond to Debtors' objection or appear at the March 22, 2016 hearing. Debtors' arguments miss the mark.

BACKGROUND

Debtors commenced this Chapter 11 bankruptcy case on August 30, 2013. UID was listed on Debtors' Schedule D as having a secured claim of $66,650.92 for "2012 and 2013 2010, 2011, 2012, 2013 Unemployment taxes [Value assumes NASI DOT valid]." The claim was not marked as contingent, unliquidated or disputed. On Schedule F, Debtors also listed UID as having a disputed claim of $66,650.99 for: "Possible liability for debts of Big Sky Fire Protection, Inc. Disputed as to personal liability." Per an Order entered October 29, 2013, creditors whose claims were (1) not scheduled, or (2) scheduled but marked as disputed, contingent, or unliquidated, or (3) scheduled but in an incorrect amount, were granted until January 27, 2014, to file a proof of claim.

On September 16, 2013, UID filed Proof of Claim No. 5 asserting a priority claim in the amount of $78,757.29 for unpaid unemployment insurance taxes owed by Big Sky Fire Protection, Inc. for the fourth quarter of 2011 through the second quarter of 2013, which, pursuant to Mont. Code Ann. ("MCA") § 39-51-1105, made Debtors, as officers of Big Sky Fire Protection, Inc. "liable for the taxes, penalties and interest due." Debtors filed an Objection to Proof of Claim No. 5 on July 14, 2014, and after a hearing, the Court entered a decision on October 3, 2014, allowing Proof of Claim No. 5 as a priority claim under 11 U.S.C. § 507(a)(8)(E) in the amount of $78,632.29 and an unsecured nonpriority claim in the amount of $125.00. The Court's October 3, 2014, ruling was affirmed by the United States Bankruptcy

Appellate Panel of the Ninth Circuit on November 18, 2015.  *Carpenter v. Mont. Dep't of Labor and Indus. (In re Carpenter)*, 540 B.R. 691 (9th Cir. BAP 2015).

Debtors' Chapter 11 Plan was confirmed on July 28, 2015.  That Plan provides for payment of UID's "disputed" claim in the amount of $78,757.29.  On July 29, 2015, one day after confirmation of Debtors' Plan and after this Court entered its decision on October 3, 2014, but prior to the BAP's decision on November 18, 2015, UID amended its Proof of Claim to include additional unemployment taxes of Big Sky Fire Protection, Inc. in the amount of $2,457.66 and interest of $147.46 owed for the third quarter of 2013, which quarter began on July 1, 2013 (a date prior to Debtors' August 30, 2013 petition date), and ended on September 30, 2013, after Debtors' petition date.  On February 18, 2016, Debtors filed an objection to UID's amended Proof of Claim No. 5 arguing this Court's "order of October 3, 2014 is *res judicata* as to the amount of the claim and is binding on both Debtors and Claimant."  Debtors did not again raise that argument in their report to the Court filed March 29, 2016, but instead argue that their objection to amended Proof of Claim No. 5 should be sustained because UID did not file a response to Debtors' further objection, because UID did not appear at the hearing on Debtors' objection and because the Court's October 3, 2014 decision was an order allowing or disallowing a claim against the Estate and, thus, UID could only amend its claim by filing a request for reconsideration.

DISCUSSION

Debtors do not allege that UID's Proof of Claim No. 5 and amended Proof of Claim No. 5 fail to comply with Fed. R. Bankr. P. 3001.  Debtors similarly do not allege that UID's Proof of Claim No. 5 was untimely.  Therefore, the question is not whether UID must file a response to

3

Debtors' objection, appear at a hearing or file a request for reconsideration, particularly as UID's amendment to Proof of Claim No. 5 has nothing to do with the portion of the claim addressed by the Court in its October 3, 2014 decision. Rather, the issue is whether UID's amendment of its Proof of Claim, filed after the bar date, should be allowed.

In *In re Mason*, 520 B.R. 508, 515 (Bankr. S.D. Miss. 2014), a bankruptcy court in Mississippi discussed the issue of when creditors can amend timely filed proofs of claim:

> Consistent with our view of the comparative roles of bar dates and claims adjudication is the allowance of amended proofs of claim. Amendments to timely creditor proofs of claim have been liberally permitted to "cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim." *In re International Horizons, Inc.*, 751 F.2d [1213] at 1216 [ (11th Cir. 1985) ]. Amendments do not vitiate the role of bar dates: indeed, courts that authorize amendments must ensure that corrections or adjustments do not set forth wholly new grounds of liability. *Matter of Commonwealth Corp.*, 617 F.2d 415, 420 (5th Cir. 1980).

[*United States v. Kolstad (In re Kolstad)*, 928 F.2d 171, 175 (5th Cir. 1991)].

> In order to determine whether an amendment to a proof of claim is not setting forth totally new grounds of liability, the Fifth Circuit established a test for determining whether to permit an amendment to a proof of claim to be filed: (1) is the creditor "attempting to stray beyond the perimeters of the original proof of claim and effectively file a 'new' claim that could not have been foreseen from the earlier claim" and (2) "the degree and incidence of prejudice, if any, caused by the [creditor's] delay."

Under 11 U.S.C. § 502(i), "[a] claim that does not arise until after the commencement of the case for a tax entitled to prior under section 507(a)(8) . . . shall be determined, and shall be allowed . . . the same as if such claim had arisen before the date of the filing of the petition." UID's original Proof of Claim included Debtors' liability for Big Sky Fire Protection, Inc.'s unpaid unemployment insurance taxes owed by for the fourth quarter of 2011 through the second

4

quarter of 2013. UID's claim did not include any amount for the third quarter of 2013. However, Debtors' case was commenced and UID filed its original Proof of Claim prior to the end of the third quarter in 2013, September 30, 2013. Under the facts of this case, the Court finds that UID, when it amended its Proof of Claim, was not attempting to stray beyond the perimeters of its original Proof of Claim No. 5. Instead, UID was merely amending its claim to incorporate the additional prepetition § 507(a)(8) tax liability from the third quarter of 2013, that arose after the commencement of Debtors' case. Debtors do not allege any prejudice caused by UID's delay in amending its claim. Therefore, this Court concludes that UID's amendment of its claim was proper. The Court will, therefore, enter a separate order providing as follows:

IT IS ORDERED that Debtors' Objection to Amended Proof of Claim No. 5 filed at docket no. 276 is overruled.

/s/ Ralph B. Kirscher
Honorable Ralph B. Kirscher
Chief U.S. Bankruptcy Judge